**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TONYA E. SHIRAR, individually and as successor in interest of Robert R. Shirar, deceased; J. S., individually and as (a minor by her guardian ad litem Amy Daugherty) as a successor in interest of Robert R Shirar, deceased; A. N., (a minor by her guardian ad litem Tonya E. Shirar) individually; A. S., individually and as (a minor by her guardian ad litem Tonya E. Shirar) and as a successor in interest of Robert R. Shirar, deceased, <br><br> Plaintiffs-Appellees, <br><br> v. <br><br> MIGUEL GUERRERO; GARY JOHNSON, <br><br> Defendants-Appellants. | No.   15-55029 <br><br> D.C. No. 5:13-cv-00906-JGB-DTB <br><br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Jesus G. Bernal, District Judge, Presiding

Argued and Submitted October 18, 2016
Pasadena, California

---

[*]       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before: TALLMAN and CHRISTEN, Circuit Judges, and KENNELLY,[**] District Judge.

California Highway Patrol (CHP) Officer Miguel Guerrero[1] appeals the district court's denial of summary judgment and qualified immunity in the shooting death of Robert Shirar. Shirar's family sued Guerrero under 28 U.S.C. § 1983 on Shirar's and their own behalf for Fourth and Fourteenth Amendment violations. We have jurisdiction over Guerrero's interlocutory appeal from the denial of summary judgment under 28 U.S.C. § 1291. *Wilkins v. City of Oakland*, 350 F.3d 949, 951 (9th Cir. 2003). We affirm the denial of summary judgment on plaintiffs' Fourth Amendment claim, but we reverse the denial of summary judgment on plaintiffs' Fourteenth Amendment claim.

We review a denial of qualified immunity de novo. *Wilkinson v. Torres*, 610 F.3d 546, 550 (9th Cir. 2010). On appeal of a denial of qualified immunity, we do not review the district court's findings of "genuine issues of material fact." *Lee v. Gregory*, 363 F.3d 931, 932 (9th Cir. 2004) (citing *Mendocino Envtl. Ctr. v. Mendocino County*, 192 F.3d 1283, 1291 (9th Cir. 1999)). We must also "view the

---

[**] The Honorable Matthew F. Kennelly, United States District Judge for the Northern District of Illinois, sitting by designation.

[1] Although CHP Officer Gary Johnson is a named defendant in this action, plaintiffs' suit against him has been dismissed. He remains only a nominal party to this appeal.

2

facts and draw reasonable inferences in the light most favorable to the party opposing the [summary judgment] motion." *Wilkinson*, 610 F.3d at 550 (internal quotation marks omitted) (quoting *Scott v. Harris*, 550 U.S. 372, 278 (2007)). The court retains jurisdiction, however, to review questions of law, including the materiality of disputed issues of fact. *Wilkins*, 350 F.3d at 952.

1.     In officer-involved shootings, "[b]ecause the person most likely to rebut the officers' version of events—the one killed—can't testify, '[t]he judge must carefully examine all the evidence in the record . . . to determine whether the officer's story is internally consistent and consistent with other known facts.'" *Cruz v. City of Anaheim*, 765 F.3d 1076, 1079 (9th Cir. 2014) (quoting *Scott v. Henrich*, 39 F.3d 912, 915 (9th Cir. 1994)). Here, the district court held that "disputed issues of material fact exist that would allow a reasonable jury to disbelieve Guerrero's version of events and instead conclude either that Shirar did not threaten to shoot Guerrero or that he did not reach into his pocket" for a perceived gun. We agree.

The record presents numerous factual inconsistencies, such as: (1) Shirar allegedly asked Guerrero to kill him within one minute after Shirar requested an ambulance for his injuries, (2) the coroner testified that bullet wounds in Shirar's hand could be consistent with raising it in self-defense, and (3) on the day of the

shooting, Officer Johnson stated that Shirar said nothing after he was shot; but during his deposition, Johnson testified he heard Shirar ask the officers to shoot him in the head, We find these inconsistencies material to the issue of whether Shirar actually threatened Guerrero and attempted "suicide by cop," justifying Guerrero's use of deadly force. If a jury found Shirar did not pose a danger to Guerrero's safety, then Guerrero's use of deadly force would be constitutionally unreasonable. *See Gonzalez v. City of Anaheim*, 747 F.3d 789, 793 (9th Cir. 2014) (en banc) ("An officer's use of deadly force is reasonable only if the officer has probable cause to believe that the suspect poses a significant threat of death or serious physical injury to the officers or others." (internal quotation marks omitted) (quoting *Scott*, 39 F.3d at 914)).

On the "clearly established" prong of qualified immunity, it has long been established that shooting an unarmed suspect who poses no danger to officers violates the Fourth Amendment. *See Tennessee v. Garner*, 471 U.S. 1, 11 (1985). If a jury were to believe plaintiffs' version of events, Guerrero's use of deadly force against Shirar would have violated clearly established law. We therefore hold that Guerrero is not entitled to qualified immunity on plaintiffs' Fourth Amendment claim at this stage of the litigation and remand for a trial on the merits.

2.     In quickly evolving situations, a police officer's conduct violates the Fourteenth Amendment if the officer acted with a "purpose to harm . . . without regard to legitimate law enforcement objectives." *Porter v. Osborn*, 546 F.3d 1131, 1133 (9th Cir. 2008).  The purpose-to-harm standard applies here because only a minute elapsed between Guerrero's call for an ambulance for Shirar and his second radio call that shots had been fired.  To prove that Officer Guerrero acted with a purpose to harm Shirar, plaintiffs must "put forward specific, nonconclusory factual allegations that establish improper motive." *Jeffers v. Gomez*, 267 F.3d 895, 907 (9th Cir. 2001) (internal quotation marks omitted) (quoting *Crawford-El v. Britton*, 523 U.S. 574, 598 (1998)).  Plaintiffs have not met their burden under *Jeffers*.  We reverse the district court's denial of Guerrero's summary judgment motion on plaintiffs' Fourteenth Amendment claim and direct its dismissal on remand.

The parties shall bear their own costs.

AFFIRMED in part; REVERSED in part; and REMANDED.